Thank you, Your Honor. May I reserve two minutes for rebuttal? Sure, sure. May it please the court. Your Honors, good afternoon. My name is Joseph Hong and I represent the appellant, JimiJack Irrevocable Trust. The appellant appeals the district court order granting Fannie Mae's motion to dismiss based on claim and issue preclusion that was premised on a previous litigation. The previous litigation was commenced back in March 17, 2014, and that was based on the HOA foreclosures that was quite rampant in Nevada, and that was pursuant to NRS 116, Chapter 116. In that previous litigation, the only issue that was debated or extinguished the deed of trust that was encumbering the property at that time. It was a super priority lien argument, and that was the only issue that was contested and litigated. And in fact... Excuse me. Yes, Your Honor. There still is feedback here. Yes. All right, very good. Why couldn't this issue that you're raising now have been brought in 2014? Yes, Your Honor. The issue that was brought in the present case, which was filed on August 2nd, 2018, was challenging the present-day ability for Fannie Mae to enforce the deed of trust. So this litigation is not contesting the prior judgment, but it's the present-day ability for the enforcement of the deed of trust. Counsel, I'm not sure that answers this question. I think the question was, could you or could you not have brought the claim that you're trying to bring now in the prior litigation? We could not have, Your Honor, because that would have been able to defy the physics of time. Because in the prior litigation in 2014, even if the allegation was that Fannie Mae was not the owner of the loan, that wouldn't be relevant to the present day of 2018 when this action was filed, if it still owned the underlying loan. So to answer Your Honor's question, it couldn't have been brought back in the 2014 litigation. And even if it was brought, it really would have no bearing on the present day of 2018. What is your argument that Fannie Mae doesn't own the loan? The argument is based on the loan is endorsed in blank. And because it's an endorsed, because it's a blank endorsed promissory note, pursuant to Article 3 of the UCC that's enumerated in NRS 104, it's a bearer instrument, which means Your Honor. When was it endorsed in blank? Well, it was endorsed in blank, we believe, from the very get-go when Fannie Mae allegedly, allegedly acquired the loan back in 2005, I believe. Which is from the prior litigation. The litigation you're saying you couldn't have made that claim in. I'm still not sure why you couldn't have made this claim in that prior litigation. Well, because even if we made that claim, Your Honor, there's a million things that can happen back in 2014 to 2018 where loans are sold and transferred very commonly and routinely by lenders and financial institutions. And in order for the financial institutions to transfer loans, it's always endorsed in blank because it's bearer paper. It's just by a transfer. So from the prior litigation in 2014, even if, even if we alleged that Fannie Mae did not own the loan, it wouldn't have mattered for 2018 because by then Fannie Mae could have owned the loan and vice versa. So do you have an argument in 2014 and now that caused Fannie Mae to previously own the loan, but not now own the loan? Well, yes, Your Honor. The argument is Fannie Mae never owned the loan to begin with. Because pursuant to the assignment of the deed of trust, which was recorded on 2009, October 22nd, 2009, it was an assignment of the deed of trust and the promissory note from MERS to Bank of America. And then the next assignment in November 13th, 2014 was just an assignment of the deed of trust and not the note. So based on the publicly recorded documents, it belies Fannie Mae contesting or stating that they allegedly owned the loan as of 2018. They were trying to foreclose on the deed of trust and so my client, the appellant here, filed the lawsuit challenging the ability to foreclose on a deed of trust when the underlying loan is not owned by Fannie Mae. That was the allegation as pled in the complaint and it was a present-day allegation, Your Honor. Yes, Your Honor. There was a counterclaim by FHFA. That's true, Your Honor. According to the allegation and the counterclaim by Fannie Mae, it alleged that it owned the loan as of May of 2005. However, the judgment in the previous litigation was based on Bourne Valley. This issue was never vetted. It's difficult to follow why you couldn't have raised this claim in this case. Well, because even if we raised it in the previous litigation in 2014, Your Honor, it wouldn't be relevant to the 2018 litigation because anything could happen then. For example, if we raised the argument that Fannie Mae did not own the loan back in 2014, by the time 2018 came along, Fannie Mae could have been the owner. They could have been the owner. So what I'm saying is it really comes down to, respectfully, what in 2018 did Fannie Mae own the loan or not? Counselor, it seems to me your argument is they sued me for a contract action. Let's make it a tort. They sued me for a tort action and I didn't counter sue them for a tort arising out of the same event because three years later another tort could have happened. And so I didn't need to raise the claim because things could happen in the future. That's just not how it works. If you could have raised the claim then, you had to. Well, under that analogy, Your Honor, if it was a tort for a car accident three years later, we wouldn't know if Fannie Mae was the driver of the car. You could bring the claim for the later tort, the later action, but you haven't pointed to anything that happened later. You're just saying the fact that something might have happened later, like Fannie Mae may have become the owner later, means that you didn't have to raise the fact that they weren't the owner then in that litigation. Well, and again, Your Honor, even if they were the owner then in 2015, even if they were the owner or were not the owner, it wouldn't change the fact that the allegation in 2018 is that Fannie Mae was not the owner in 2018. Because in between, a representative with the Recorded Deeds of Trust, Assignment of Deeds of Trust, Fannie Mae was not the owner. Point out to me what it is that you think happened in between. After the order, which was in 2017, is that right? Correct. So, what happened after that order happened that you're saying, not some theoretical million things, but what actually could have happened? Well, since the loan was in default, I submit that the loan was taken out of the mortgage-backed pools that Fannie Mae was a trustee or owner of, and it was transferred and sold to another entity. During that time frame? During that time frame, which happens very readily. So, Fannie Mae is not in possession of the underlying blank endorsed note, the original note, and that's the only way Fannie Mae can confirm ownership. It must be in possession of the underlying original blank endorsed note. And all Fannie Mae had to do was produce that in this litigation. Instead, it chose to file a motion to dismiss based on res judicata or issue and claim preclusion. And, Your Honor, with all respect to this record, this issue could not have been raised in the 2014 litigation because it was a present-day argument in 2018. I have one last question for you before you sign it up. Yes, Your Honor. In Fannie Mae's response brief and answering brief, they make an argument at the very end of their brief that this appeal is lucid because there was a foreclosure sale under the deed of trust. You didn't really respond to that statement in your reply brief. I didn't, Your Honor, because I don't think it warrants a response because we have a quiet title action and a list pendants that was recorded against the property. So, if my client prevails in the quiet title, then, of course, the purported foreclosure, which Fannie Mae credit bid and purchased the property, would be voided. That's part of the whole quiet title action. Is the property still in possession of Fannie Mae? It is, Your Honor. Right now, it's titled under Fannie Mae because it foreclosed and it purportedly credit bid. And that's what this quiet title action is, if my client prevails. And, of course, the basis of the foreclosure would be voided because Fannie Mae would have had no right to foreclose. All right. Let's hear from Fannie Mae. Good afternoon, Your Honors. May it please the Court, Christina Miller on behalf of Fannie Mae. The District Court did correctly grant the motion to dismiss under the doctrine of claim preclusion. I think from what this Court has said so far today, it understands that the sole issue before the Court is whether Jimmy Jackie Irrevocable Trust could have brought their claims in the prior quiet title action. And it certainly could have. As the Court noted, there were both affirmative defenses and counterclaims filed on behalf of Fannie Mae and the Federal Housing Finance Agency in the prior quiet title action. Both of those affirmative defenses and counterclaims specifically alleged that Fannie Mae owned the loan, specifically that it was the beneficiary of the deed of trust securing the promissory note. Now, I understand that the District Court in that prior quiet title action did not enter judgment on the HERA, the Federal Foreclosure Bar defense, which tied into Fannie Mae and FHFA's counterclaims regarding their ownership of the loan. However, the Bourne Valley decision, which the judgment was based on, still expressly ruled that Fannie Mae's deed of trust remained a valid lien, a valid encumbrance upon title to the property, and that Jimmy Jack purchased the property subject to the deed of trust. So again, looking back and looking at the seminal case from the Nevada Supreme Court addressing claim preclusion in Nevada, and as a side note, I just want to reiterate on the record, the only preclusion doctrine at issue here is claim preclusion, not issue preclusion. But looking at the Five Star v. Ruby case, the third element says any claim that was or could have been brought in the prior quiet title action. So, and here, Your Honors, we argue that it was brought in the quiet title action, and even if the court finds that it wasn't, Jimmy Jack Irrevocable Trust should have brought it because they're seeking in this new lawsuit the exact same claim for relief. They're trying to undermine the prior district court entry of judgment in favor of Fannie Mae by relitigating under simply a new theory that looks for the exact same claim for relief. They're still seeking ownership of the property. So in response to my questions asking what is it that could have happened since between 2017 and now, your opposing counsel said, well, you know, Fannie Mae could have, I guess, sold the loan or could have been transferred. I wasn't quite following. I'm not a mortgage person. Is he right about that? I mean, could Fannie Mae have gotten rid of it somehow between then to where, you know, that seems to be where his attempting to try to get out of this issue or claim preclusion seems to be, well, something could have happened since 2017, but I'm not following him. Why could something not have happened since 2017? Thank you, Your Honor. And that's exactly the issue that this hypothetical creates in that, yes, hypothetically, Fannie Mae could have sold the loan at some point in time prior to proceeding with foreclosure. But that is not what the fact pattern here actually shows us. There's no allegation that the loan was actually sold. There's no record in the public title records that shows Fannie Mae owned the loan. Counsel, I'm sorry. I think if the allegation was that Fannie Mae had foreclosed before, had sold the loan before foreclosure, that could have been brought during the foreclosure proceedings. I think so. I'm not sure that helps him. I think his argument is that something could have happened since the foreclosure proceedings. What is it that could have happened since the foreclosure proceedings? Your Honor, I don't think that necessarily is a relevant line of inquiry because the action, the current lawsuit, sought prospective relief to extinguish the deed of trust before Fannie Mae had the ability to foreclose. Again, I point this court back to the recorded trustee's deed from the deed of trust foreclosure, and that's specifically in the record at supplemental excerpt page 311. That expressly states the foreclosing beneficiary was the grantee, and that was Fannie Mae. It's sort of irrelevant what's happened since that foreclosure because Fannie Mae is the grantee. Fannie Mae still owns it at this point in time. But again, the complaint doesn't seek relief related to post foreclosure actions. It's solely seeking that prospective relief to avoid the foreclosure even happening by re-asking the district court to ignore the prior quiet title judgment and re-litigate whether Jimmy Jack Trust was entitled to take ownership of the property free and clear of the deed of trust. So it's simply a second attempt to undermine and reverse that prior quiet title ruling. And, Your Honors, this brings me back into then the issue that we have with subject matter jurisdiction right now in that when that foreclosure sale happened and the record is void, Your Honors, of any temporary restraining order or other attempt to enjoin the foreclosure. So the foreclosure rightfully proceeded back in August of 2018. And when the foreclosure proceeded, as a matter of law, Jimmy Jack Trust's ownership of all of its right title and interest in the property was extinguished at that time. So we've got a period of almost three years later where Jimmy Jack still doesn't own the property, has absolutely no interest in the property. So Jimmy Jack doesn't own the property if the foreclosure happened, if it can't sort of collaterally attack the foreclosure, which is what they're kind of trying to do. And so the challenge I'm having with your mootness or jurisdictional argument is you're sort of you're asking us to assume the very thing that Jimmy Jack is asking us to decide. And I understand that we can say we can't decide that because of claim preclusion, right? We can't decide that because of claim preclusion. But I have a little trouble with saying we can't decide that because the issue has already been decided because there's sort of a circularity to that, it seems like, unless you're somehow smuggling in the concept of claim preclusion. And if we're doing that, why don't we just decide it on claim preclusion? I struggle with your mootness argument. Your Honor, that's a great point. The court could simply rule upon the claim preclusion issue. There is a third argument that we did raise in our answering brief, and that's even if the claim is not moot, even if claim preclusion didn't apply, the district court still reached the correct conclusion under applicable Nevada law. And that's specifically NRS 107.0805 at the end of our answering brief, where all that Fannie Mae was required to do in Nevada to proceed with a nonjudicial foreclosure under its deed of trust was record a notice of default with an affidavit of authority attached to it, attesting under penalty of perjury that Fannie Mae was the beneficiary, and in that capacity, it was the holder of the note. That's what Nevada law says, and there is absolutely no contention made by Jimmy Jack, no allegations even in its complaint, that the law was not complied with. It's simply a speculative argument without a single shred of evidence of which I'll submit to this court. There is none. If there was, I would presume Jimmy Jack would have produced it in response to the motion to dismiss, but no evidence is in the record. The evidence that is before this court, though, confirms that Fannie Mae remained at the time of foreclosure the beneficiary of the deed of trust and the holder of the note. So even if the court found that the mootness argument is, let's say, put to the side and decided that claim preclusion doesn't apply, the district court still reached the correct conclusion based off of applicable Nevada law. There's simply no requirement in the state of Nevada that a foreclosing beneficiary and holder of a note show up and produce the original note. That is not part of our foreclosure statutory scheme, and there seems to be a new wave of litigation from third parties that purchase properties at HOA sales that have a judgment against them on quiet title, trying to bring a new theory, seeking the exact same claim for relief. That's exactly what happened here, Your Honors. And based off of that, we would ask that you affirm the district court's order granting the motion to dismiss. Thank you. Okay, thank you. We have a little bit of time left for rebuttal. We've got a minute. Thank you, Your Honor. I would like to point out again, going back to why this argument could not have been made in the 2014 litigation, even if it was made in the 2014 litigation that Fannie Mae did not own the loan in 2014. And even if the court adjudicated that, in fact, Fannie Mae owned the loan, when we fast forward to 2018, appellant has every right to challenge whether Fannie Mae still owned the loan in present day in 2018 to foreclose on its deed of trust. And that's what this case is about. So it has nothing to do with that 2014, whether the claim could have been made or should have been made, because even if it was made and it was adjudicated in Fannie Mae's favor, my client has the right, had the right to file a new action present day challenging whether Fannie Mae still owned the loan. And I think counsel reiterated my point when Your Honor asked her, well, could it have sold the loan? And she said, yeah, hypothetically, it could have sold the loan from 2017, the date of the judgment of 2014, from the prior litigation to 2018 when my client filed this action. Absolutely. And that's what the allegation states in the complaint, which should be taken as true. Thank you, Your Honor. We understand your arguments. Thank you very much, counsel. We appreciate your arguments this afternoon and matter will be submitted at this time.
judges: Paez, Gleason, Vandyke